UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KADE DOMINIQUE STEARS, <br><br> Defendant. | Case No. 4:18-cr-00104-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Kade Stears' Motion for Early Termination from Supervised Release. Dkt. 78. The Government has filed an opposition to the Motion and the matter is ripe for the Court's consideration. Dkt. 79. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] For the reasons set forth below, the Court finds good cause to DENY Stears' Motion.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

Stears pled guilty to prohibited person in possession of a firearm, in violation of 18 USC 922(g)(1), 924(d) and 28 USC 2461(c). Dkt. 20. On April 30, 2019, the Court sentenced Stears to 24 months imprisonment to be followed by 3 years of supervised release. Dkt. 38. Stears completed his term of incarceration, and on January 22, 2021, began his term of supervised release. On December 18, 2023, an amended petition was filed alleging Stears violated his terms of supervised release. On December 21, 2023, he was found in violation of his supervision terms and was sentenced to time served followed by 12 months supervised release. Stears has now served 11 months of his 12 month term of supervised release and requests early termination under 18 U.S.C. § 3583(e)(1). Dkt. 78.

## III. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), supervised release may be terminated any time after one year, pursuant to the applicable rules of criminal procedure, where a court determines such action is warranted by the conduct of the defendant released and the interest of justice. District courts retain broad discretion in determining whether to grant a motion to terminate supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

In making this determination, the court considers certain factors set forth in 18 U.S.C § 3553(a) including: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and

sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e) (citing § 3553(a)(1–7)); *United States v. Weber*, 451 F.3d 552, 557–58 (9th Cir. 2006).

### IV. DISCUSSION

Stears represents that he has complied with the conditions of his release, maintains employment, has fully paid restitution, and has completed his treatment. Dkt. 78.

The Government opposes the Motion. Dkt. 79. In its opposition to Stears' motion, the Government argues that it had a conversation with the US Probation Officer assigned to Stears. While Stears has done very well on his employment and on general supervision, Stears had a positive alcohol test on March 27, 2024, while he was still in his treatment program. *Id.* at 2.

Having reviewed the relevant factors discussed in § 3583(e)(1), and § 3553(a)(1–7); Stears filings; the Government's response; and the record herein, the Court denies the Motion. The nature and circumstances of the offense and the history and characteristics of Stears do not warrant early termination at this time. The Court congratulates Stears on his success in mostly complying with his release conditions and reintegrating into his community. However, given the record in this case; the nature of the charges; the basis for the original sentencing; and Stears history and characteristics, the Court finds neither the circumstances of this case nor the interests of justice warrant early termination under §

3583(e). Stears is encouraged to continue making good decisions and complying with the terms and conditions of his release.

## V. ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Kade Stears' Motion for Early Termination from Supervised Release (Dkt. 78) is **DENIED**.

DATED: December 23, 2024

David C. Nye
Chief U.S. District Court Judge